**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 3, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RICHARD ANGEL GONZALES,

    Defendant - Appellant.

No. 20-1309
(D.C. No. 1:19-CR-00027-RM-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **KELLY**, and **BACHARACH**, Circuit Judges.
_____

This matter is before the court on the government's motion to enforce the

appeal waiver in Richard Angel Gonzales's plea agreement.  We grant the

government's motion and dismiss the appeal.[1]

Gonzales pleaded guilty to assault on a federal officer in violation of 18 U.S.C.

§ 111(a)(1) and (b), and the district court sentenced him to 77 months' imprisonment.

Although his plea agreement contained a broad appeal waiver, Gonzales filed an

appeal.  The government now seeks to enforce that waiver.

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Although this appeal was consolidated with Appeal No. 20-1308 for
procedural purposes, our disposition applies to the present appeal only.

In reviewing a motion to enforce an appeal waiver, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam). The miscarriage-of-justice exception applies: "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Id.* at 1327 (internal quotation marks omitted).

In response to the government's motion, Gonzales, through counsel, acknowledges that the conditions under *Hahn* for enforcing the waiver are satisfied. *See* Resp. at 2-3 (stating that "it cannot be contested that this appeal falls within the scope of the appeal waiver in the plea agreement," that "the record does not show any evidence that Gonzales did not knowingly and voluntarily waive his appellate rights," and that "the district court did not rely upon an impermissible factor and the sentence was within the statutory maximum").[2] He contends only that "[t]he record here is insufficient to fully consider" whether Gonzales received ineffective assistance of

[2] Gonzales does not contend "that the waiver is otherwise unlawful." *Hahn*, 359 F.3d at 1327. We thus do not address this component of the miscarriage-of-justice exception. *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005) (noting the court need not address an uncontested *Hahn* factor).

counsel. *Id.* at 3. He therefore requests that "dismissal of this appeal be without prejudice to his asserting ineffective assistance of counsel in a later §2255 motion." *Id.* We have recognized that "a defendant must generally raise claims of ineffective assistance of counsel in a collateral proceeding, not on direct review," including "where a defendant seeks to invalidate an appellate waiver based on ineffective assistance of counsel." *United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005).

Based on the response from Gonzales's counsel as well as our independent review of the record, we grant the government's motion to enforce the appeal waiver and dismiss this appeal.

Entered for the Court
Per Curiam